IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOB SAVAGE,

        Plaintiff,                    No. CIV S-11-1652 MCE EFB P

     vs.

K. DICKINSON, et al.,

        Defendants.            <u>ORDER</u>

                                 /

      Bob Savage, an inmate confined at the California Medical Facility ("CMF"), filed this pro se civil rights action under 42 U.S.C. § 1983, among other federal laws. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

## II. Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Any legal conclusions must be supported by factual allegations and are not entitled to the assumption of truth. *Id.* at 1950.

////

Plaintiff's complaint violates Rule 8(a) of the Federal Rules of Civil Procedure. The complaint is so prolix and convoluted that the court cannot reasonably discharge its screening responsibility under § 1915A until plaintiff complies with the pleading requirements set forth in Rule 8. This rule requires the pleader to set forth his averments in a simple, concise, and direct manner. Before undertaking to determine whether the complaint may have merit, the court may insist upon compliance with its rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases).

Plaintiff need not identify the law that makes the alleged conduct wrong. He may use his own language to state, simply and directly, the wrong that has been committed and clearly explain how each state actor identified as a defendant was involved and what relief plaintiff requests of each defendant. *Jones v. Cmty. Redev. Agency of L.A.*, 733 F.2d 646 (9th Cir. 1984); *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978). In fact, the inclusion of lengthy legal conclusions in plaintiff's original complaint has contributed enormously to the court's difficulty in performing its § 1915A review responsibility. For example, plaintiff's listing of defendants spans over nine typewritten pages due to the unnecessary legal conclusions contained therein. *E.g.*, Dckt. No. 1 at 3-4 (arguing that defendant Dickinson "has approved, encouraged and plotted a campaign of retaliation and calculated harassment with the other defendants named herein"), 4 (arguing that defendant Matt Cates "is directly responsible for the over all medical care, health and well being of the Plaintiff" and "is directly responsible for the violations of the Americans with Disabilities Act . . ., violation of Plaintiff's Civil and Constitutional rights of equal protection, due process, cruel and unusual punishment, retaliation, among other rights").

The court's screening task is further complicated by the complaint's repetition and disorganization. Plaintiff has unnecessarily included legal and factual allegations against defendants in the "Parties" portion of his complaint that are also contained in his "Statement of

Facts" and "Claims for Relief." In addition, plaintiff's "Statement of Facts" contains redundant allegations and fails to set forth the underlying incidents in a clear fashion. Instead, plaintiff's allegations regarding separate incidents are intermingled such that the court has had great difficulty determining the scope of plaintiff's claims against each defendant. From the court's initial review, it appears that plaintiff challenges a number of separate incidents and the administrative proceedings spawned by those incidents: (1) an incident in which he was moved to a different housing unit and concurrently deprived of a chair he alleges is medically necessary and adequate bedding; (2) another incident in which he was placed in segregated housing after being found with a cell phone; (3) another incident in which he was deprived of pain medication; (4) another incident in which he had to wait several months for an ergonomic cane; (5) another incident in which he was denied permission for a specific typewriter; (6) several separate incidents in which his cell was ransacked or vandalized by custody staff and his property was taken or destroyed; (7) another incident in which he was denied visits with his wife; (8) another incident in which he was denied mail concerning fantasy football; (9) two incidents in which custody staff made plaintiff go to the dayroom despite his need for rest; (10) another incident in which custody staff wrongfully disciplined plaintiff for going to the canteen; (11) another incident in which plaintiff was not allowed to use the computer in the "ADA/DDP" section of the law library. Rather than including all allegations regarding a single incident and its attendant administrative proceedings in a single section of the complaint, plaintiff's "Statement of Facts" intersperses allegations each incident among one another, making it extremely difficult for the court to determine the allegations and defendants involved in each incident and, from there, whether the allegations make out a cognizable claim for relief and whether any claims are improperly joined in a single complaint.

The court simply does not have the resources to scour the 59 pages of plaintiff's complaint and 90 pages of exhibits and organize the allegations contained therein in order to perform its screening duty under § 1915A. Instead, the court must insist on plaintiff's

compliance with Rule 8, and will accordingly dismiss the complaint with leave to file an amended complaint that contains only "a short and plain statement" of plaintiff's claims. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir.) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and providing an example of a properly-pleaded claim, which could be "read in seconds and answered in minutes"); *Nevijel v. N. Coast Life Ins. Co.*, 641 F.2d 671, 673-74 (9th Cir. 1981) (affirming Rule 8 dismissal of "verbose, confusing, and almost entirely conclusory" complaint consisting of 48 pages with 14 pages of addenda and 9 pages of exhibits and "equally . . . verbose, confusing, and conclusory" amended complaint consisting of 23 pages with 24 pages of addenda); *Washington v. Baenziger*, 656 F. Supp. 1176, 1177 (N.D. Cal. 1987) (dismissing complaint consisting of 86 pages plus 15 pages of exhibits with 33 causes of action against 21 defendants for failure to comply with Rule 8).

    Accordingly, if plaintiff wishes to continue this litigation he must file an amended complaint. A prisoner pursuing civil rights claims without counsel, like all other litigants, is required to obey the court's orders, including an order to amend his pleading. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). His failure to obey the court's orders and the local and federal rules and meet his responsibilities in prosecuting this action may justify dismissal, including dismissal with prejudice. *Ferdik*, 963 F.2d at 1262-63 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended civil rights complaint); *Pagtalunan*, 291 F.3d at 642 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D. Cal. 2000) (denying motion for leave to file third amended complaint and dismissing action with prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d 1221, 1232-33 (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to prosecute); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without

prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of any change of address).

Plaintiff's amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). *Unrelated claims against different defendants must be pursued in multiple lawsuits.* "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2)

(joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in continued delay of the review required by 28 U.S.C. § 1915 or an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

Accordingly, it hereby is ordered that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

1       3. Plaintiff's complaint is dismissed with leave to amend within 30 days. Any amended
2 complaint must bear the docket number assigned to this case and be titled "First Amended
3 Complaint." Failure to comply with this order will result in a recommendation that this action be
4 dismissed.

5 Dated: December 12, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE