IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOB SAVAGE,

      Plaintiff,               No. 2:11-cv-1652 MCE EFB P

      vs.

K. DICKINSON, et al.,

      Defendants.      <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint.

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

      In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

1   of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

2   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

3   statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

4           Furthermore, a claim upon which the court can grant relief has facial plausibility.

5   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

6   content that allows the court to draw the reasonable inference that the defendant is liable for the

7   misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

8   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

9   *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

10  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

11          A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

12  Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

13  statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

14  fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

15  550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

16          In dismissing plaintiff's original complaint with leave to amend, the court informed

17  plaintiff of the following:

18          Plaintiff's complaint violates Rule 8(a) of the Federal Rules of Civil
        Procedure.  The complaint is so prolix and convoluted that the court cannot
19      reasonably discharge its screening responsibility under § 1915A until plaintiff
        complies with the pleading requirements set forth in Rule 8.  This rule requires
20      the pleader to set forth his averments in a simple, concise, and direct manner.
        Before undertaking to determine whether the complaint may have merit, the court
21      may insist upon compliance with its rules. *See McNeil v. United States*, 508 U.S.
        106, 113  (1993) (federal rules apply to all litigants, including prisoners lacking
22      access to counsel); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)
        (encouraging "firm application" of federal rules in prisoner cases).

23
24          Plaintiff need not identify the law that makes the alleged conduct wrong.
        He may use his own language to state, simply and directly, the wrong that has
25      been committed and clearly explain how each state actor identified as a defendant
        was involved and what relief plaintiff requests of each defendant. *Jones v. Cmty.*
26      *Redev. Agency of L.A.*, 733 F.2d 646 (9th Cir. 1984); *Johnson v. Duffy*, 588 F.2d
        740 (9th Cir. 1978).  In fact, the inclusion of lengthy legal conclusions in

plaintiff's original complaint has contributed enormously to the court's difficulty in performing its § 1915A review responsibility.  For example, plaintiff's listing of defendants spans over nine typewritten pages due to the unnecessary legal conclusions contained therein.  *E.g.*, Dckt. No. 1 at 3-4 (arguing that defendant Dickinson "has approved, encouraged and plotted a campaign of retaliation and calculated harassment with the other defendants named herein"), 4 (arguing that defendant Matt Cates "is directly responsible for the over all medical care, health and well being of the Plaintiff" and "is directly responsible for the violations of the Americans with Disabilities Act . . ., violation of Plaintiff's Civil and Constitutional rights of equal protection, due process, cruel and unusual punishment, retaliation, among other rights").

The court's screening task is further complicated by the complaint's repetition and disorganization.  Plaintiff has unnecessarily included legal and factual allegations against defendants in the "Parties" portion of his complaint that are also contained in his "Statement of Facts" and "Claims for Relief."  In addition, plaintiff's "Statement of Facts" contains redundant allegations and fails to set forth the underlying incidents in a clear fashion.  Instead, plaintiff's allegations regarding separate incidents are intermingled such that the court has had great difficulty determining the scope of plaintiff's claims against each defendant.  From the court's initial review, it appears that plaintiff challenges a number of separate incidents and the administrative proceedings spawned by those incidents: (1) an incident in which he was moved to a different housing unit and concurrently deprived of a chair he alleges is medically necessary and adequate bedding; (2) another incident in which he was placed in segregated housing after being found with a cell phone; (3) another incident in which he was deprived of pain medication; (4) another incident in which he had to wait several months for an ergonomic cane; (5) another incident in which he was denied permission for a specific typewriter; (6) several separate incidents in which his cell was ransacked or vandalized by custody staff and his property was taken or destroyed; (7) another incident in which he was denied visits with his wife; (8) another incident in which he was denied mail concerning fantasy football; (9) two incidents in which custody staff made plaintiff go to the dayroom despite his need for rest; (10) another incident in which custody staff wrongfully disciplined plaintiff for going to the canteen; (11) another incident in which plaintiff was not allowed to use the computer in the "ADA/DDP" section of the law library. Rather than including all allegations regarding a single incident and its attendant administrative proceedings in a single section of the complaint, plaintiff's "Statement of Facts" intersperses allegations each incident among one another, making it extremely difficult for the court to determine the allegations and defendants involved in each incident and, from there, whether the allegations make out a cognizable claim for relief and whether any claims are improperly joined in a single complaint.

The court simply does not have the resources to scour the 59 pages of plaintiff's complaint and 90 pages of exhibits and organize the allegations contained therein in order to perform its screening duty under § 1915A.  Instead, the court must insist on plaintiff's compliance with Rule 8, and will accordingly dismiss the complaint with leave to file an amended complaint that contains only "a short and plain statement" of plaintiff's claims.  *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir.) (affirming Rule 8 dismissal of complaint that was

"argumentative, prolix, replete with redundancy, and largely irrelevant" and providing an example of a properly-pleaded claim, which could be "read in seconds and answered in minutes"); *Nevijel v. N. Coast Life Ins. Co.*, 641 F.2d 671, 673-74 (9th Cir. 1981) (affirming Rule 8 dismissal of "verbose, confusing, and almost entirely conclusory" complaint consisting of 48 pages with 14 pages of addenda and 9 pages of exhibits and "equally . . . verbose, confusing, and conclusory" amended complaint consisting of 23 pages with 24 pages of addenda); *Washington v. Baenziger*, 656 F. Supp. 1176, 1177 (N.D. Cal. 1987) (dismissing complaint consisting of 86 pages plus 15 pages of exhibits with 33 causes of action against 21 defendants for failure to comply with Rule 8).

Accordingly, if plaintiff wishes to continue this litigation he must file an amended complaint. A prisoner pursuing civil rights claims without counsel, like all other litigants, is required to obey the court's orders, including an order to amend his pleading. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). His failure to obey the court's orders and the local and federal rules and meet his responsibilities in prosecuting this action may justify dismissal, including dismissal with prejudice. *Ferdik*, 963 F.2d at 1262-63 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended civil rights complaint); *Pagtalunan*, 291 F.3d at 642 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D. Cal. 2000) (denying motion for leave to file third amended complaint and dismissing action with prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d 1221, 1232-33 (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to prosecute); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of any change of address).

Plaintiff's amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). *Unrelated claims against different defendants must be pursued in multiple lawsuits.* "The controlling principle appears in Fed. R. Civ.

P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in continued delay of the review required by 28 U.S.C. § 1915 or an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Dckt. No. 11 at 3-7.

Plaintiff's amended complaint is only slightly better organized than the original complaint.  It still fails to comply with Rule 8 and appears to include unrelated claims against various defendants that may not be brought in a single lawsuit.  Plaintiff's allegations regarding separate incidents are intermingled such that the court cannot determine the scope of plaintiff's claims against each defendant.  Plaintiff appears to challenge many separate and distinct incidents that must be pursued in separate lawsuits.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Moreover, the typed complaint is 36 pages long and includes over 70 pages of exhibits.  It names 25 defendants and 20 doe defendants.  Despite the court's admonishments, the amended complaint includes unhelpful legal conclusions, vague and conclusory allegations, and redundant allegations.  While legal conclusions can provide the framework of a complaint, they must be supported by plausible factual allegations, and are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  As plaintiff

5

is aware, Rule 8 rule requires the pleader to set forth his averments in a simple, concise, and direct manner. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). As drafted, the complaint hardly provides defendants with "fair notice" of plaintiff's claims against them, and still fails to set forth the underlying incidents in a clear fashion. Accordingly, plaintiff's complaint must be dismissed.

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, it shall clearly set forth the claims and allegations against each defendant, and should not include unrelated claims against different defendants. *See George*, 507 F.3d at 607. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

The complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

////

6

Plaintiff's amended complaint refers to "defendants" who are not identified as such in the caption of the complaint. Any second amended complaint must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Additionally, the court hereby informs plaintiff of the requirements for stating certain claims based on § 1983 and the Americans with Disabilities Act:

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). However, state regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Under *Sandin*, a liberty

interest may exist where placement in administrative segregation "imposes atypical and significant hardship in the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply he or she played a role in processing plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. . . . Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

"To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted).

To state a conspiracy claim under § 1983, plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took some concerted action in furtherance thereof. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57 (9th Cir. 1999); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him of his rights); *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such an agreement to deprive him of rights may be inferred); *Burns v. County of King*, 883 F.2d 819,

821 (9th Cir. 1989) (per curiam) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

In order to state a claim that a public program or service violated Title II of the Americans with Disabilities Act ("ADA"), a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity."); *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (ADA plaintiff may seek injunctive relief against state officials in their official capacities).   Damages, however, are only available under Title II of the ADA where a plaintiff proves the defendant acted with deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

Accordingly, IT IS HEREBY ORDERED that the amended complaint is dismissed with a final opportunity to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint."  Failure to comply with this order will result in a recommendation that this action be dismissed.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED:  January 4, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9