1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOB SAVAGE,

     Plaintiff,                 No. 2:11-cv-1652 MCE EFB P

     vs.

K. DICKINSON, et al.,

     Defendants.         ORDER

_____/

16       Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17 § 1983.  After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended

18 complaint.

19       Federal courts must engage in a preliminary screening of cases in which prisoners seek

20 redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21 § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

22 of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

23 relief may be granted," or "seeks monetary relief from a defendant who is immune from such

24 relief."  *Id.* § 1915A(b).

25       In order to avoid dismissal for failure to state a claim a complaint must contain more than

26 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

1   of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

2   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

3   statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

4        Furthermore, a claim upon which the court can grant relief has facial plausibility.

5   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

6   content that allows the court to draw the reasonable inference that the defendant is liable for the

7   misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

8   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

9   *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

10  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

11       A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

12  Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

13  statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

14  fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

15  550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

16       In dismissing plaintiff's original complaint with leave to amend, the court informed

17  plaintiff of the following:

18       Plaintiff's complaint violates Rule 8(a) of the Federal Rules of Civil
     Procedure.  The complaint is so prolix and convoluted that the court cannot
19   reasonably discharge its screening responsibility under § 1915A until plaintiff
     complies with the pleading requirements set forth in Rule 8.  This rule requires
20   the pleader to set forth his averments in a simple, concise, and direct manner.
     Before undertaking to determine whether the complaint may have merit, the court
21   may insist upon compliance with its rules. *See McNeil v. United States*, 508 U.S.
     106, 113  (1993) (federal rules apply to all litigants, including prisoners lacking
22   access to counsel); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)
     (encouraging "firm application" of federal rules in prisoner cases).
23
     Plaintiff need not identify the law that makes the alleged conduct wrong.
24   He may use his own language to state, simply and directly, the wrong that has
     been committed and clearly explain how each state actor identified as a defendant
25   was involved and what relief plaintiff requests of each defendant. *Jones v. Cmty.*
     *Redev. Agency of L.A.*, 733 F.2d 646 (9th Cir. 1984); *Johnson v. Duffy*, 588 F.2d
26   740 (9th Cir. 1978).  In fact, the inclusion of lengthy legal conclusions in

1    plaintiff's original complaint has contributed enormously to the court's difficulty
     in performing its § 1915A review responsibility.  For example, plaintiff's listing
2    of defendants spans over nine typewritten pages due to the unnecessary legal
     conclusions contained therein.  *E.g.*, Dckt. No. 1 at 3-4 (arguing that defendant
3    Dickinson "has approved, encouraged and plotted a campaign of retaliation and
     calculated harassment with the other defendants named herein"), 4 (arguing that
4    defendant Matt Cates "is directly responsible for the over all medical care, health
     and well being of the Plaintiff" and "is directly responsible for the violations of
5    the Americans with Disabilities Act . . ., violation of Plaintiff's Civil and
     Constitutional rights of equal protection, due process, cruel and unusual
6    punishment, retaliation, among other rights").

7          The court's screening task is further complicated by the complaint's
     repetition and disorganization.  Plaintiff has unnecessarily included legal and
8    factual allegations against defendants in the "Parties" portion of his complaint
     that are also contained in his "Statement of Facts" and "Claims for Relief."  In
9    addition, plaintiff's "Statement of Facts" contains redundant allegations and fails
     to set forth the underlying incidents in a clear fashion.  Instead, plaintiff's
10   allegations regarding separate incidents are intermingled such that the court has
     had great difficulty determining the scope of plaintiff's claims against each
11   defendant.  From the court's initial review, it appears that plaintiff challenges a
     number of separate incidents and the administrative proceedings spawned by
12   those incidents: (1) an incident in which he was moved to a different housing unit
     and concurrently deprived of a chair he alleges is medically necessary and
13   adequate bedding; (2) another incident in which he was placed in segregated
     housing after being found with a cell phone; (3) another incident in which he was
14   deprived of pain medication; (4) another incident in which he had to wait several
     months for an ergonomic cane; (5) another incident in which he was denied
15   permission for a specific typewriter; (6) several separate incidents in which his
     cell was ransacked or vandalized by custody staff and his property was taken or
16   destroyed; (7) another incident in which he was denied visits with his wife; (8)
     another incident in which he was denied mail concerning fantasy football; (9) two
17   incidents in which custody staff made plaintiff go to the dayroom despite his need
     for rest; (10) another incident in which custody staff wrongfully disciplined
18   plaintiff for going to the canteen; (11) another incident in which plaintiff was not
     allowed to use the computer in the "ADA/DDP" section of the law library.
19   Rather than including all allegations regarding a single incident and its attendant
     administrative proceedings in a single section of the complaint, plaintiff's
20   "Statement of Facts" intersperses allegations each incident among one another,
     making it extremely difficult for the court to determine the allegations and
21   defendants involved in each incident and, from there, whether the allegations
     make out a cognizable claim for relief and whether any claims are improperly
22   joined in a single complaint.

23         The court simply does not have the resources to scour the 59 pages of
     plaintiff's complaint and 90 pages of exhibits and organize the allegations
24   contained therein in order to perform its screening duty under § 1915A.  Instead,
     the court must insist on plaintiff's compliance with Rule 8, and will accordingly
25   dismiss the complaint with leave to file an amended complaint that contains only
     "a short and plain statement" of plaintiff's claims.  *McHenry v. Renne*, 84 F.3d
26   1172, 1177-78 (9th Cir.) (affirming Rule 8 dismissal of complaint that was

1    "argumentative, prolix, replete with redundancy, and largely irrelevant" and
     providing an example of a properly-pleaded claim, which could be "read in
2    seconds and answered in minutes"); *Nevijel v. N. Coast Life Ins. Co.*, 641 F.2d
     671, 673-74 (9th Cir. 1981) (affirming Rule 8 dismissal of "verbose, confusing,
3    and almost entirely conclusory" complaint consisting of 48 pages with 14 pages
     of addenda and 9 pages of exhibits and "equally . . . verbose, confusing, and
4    conclusory" amended complaint consisting of 23 pages with 24 pages of
     addenda); *Washington v. Baenziger*, 656 F. Supp. 1176, 1177 (N.D. Cal. 1987)
5    (dismissing complaint consisting of 86 pages plus 15 pages of exhibits with 33
     causes of action against 21 defendants for failure to comply with Rule 8).
6
7         Accordingly, if plaintiff wishes to continue this litigation he must file an
     amended complaint.  A prisoner pursuing civil rights claims without counsel, like
     all other litigants, is required to obey the court's orders, including an order to
8    amend his pleading.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992);
     *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  His failure to obey the
9    court's orders and the local and federal rules and meet his responsibilities in
     prosecuting this action may justify dismissal, including dismissal with prejudice.
10   *Ferdik*, 963 F.2d at 1262-63 (affirming dismissal with prejudice for pro se
     prisoner's failure to comply with order requiring filing of amended civil rights
11   complaint); *Pagtalunan*, 291 F.3d at 642 (affirming dismissal with prejudice for
     pro se prisoner's failure to comply with order requiring filing of amended habeas
12   petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D. Cal. 2000) (denying
     motion for leave to file third amended complaint and dismissing action with
13   prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v.
     Murphy*, 745 F.2d 1221, 1232-33 (9th Cir. 1984) (affirming dismissal with
14   prejudice for pro se prisoner's failure to prosecute); *Carey v. King*, 856 F.2d
     1439, 1441 (9th Cir. 1988) (affirming dismissal without prejudice for pro se
15   prisoner's failure to comply with local rule requiring he notify the court of any
     change of address).
16
          Plaintiff's amended complaint must adhere to the following requirements:
17
          It must be complete in itself without reference to any prior pleading.  E.D.
18   Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once
     plaintiff files an amended complaint, the original pleading is superseded.
19
          It must show that the federal court has jurisdiction and that plaintiff's
20   action is brought in the right place, that plaintiff is entitled to relief if plaintiff's
     allegations are true, and must contain a request for particular relief.  Plaintiff must
21   identify as a defendant only persons who personally participated in a substantial
     way in depriving plaintiff of a federal constitutional right.  *Johnson*, 588 F.2d at
22   743 (a person subjects another to the deprivation of a constitutional right if he
     does an act, participates in another's act or omits to perform an act he is legally
23   required to do that causes the alleged deprivation).
          It must contain a caption including the name of the court and the names of
24   all parties.  Fed. R. Civ. P. 10(a).

25        Plaintiff may join multiple claims if they are all against a single defendant.
     Fed. R. Civ. P. 18(a).  *Unrelated claims against different defendants must be
26   pursued in multiple lawsuits.*  "The controlling principle appears in Fed. R. Civ.

1    P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate
     claims, as many claims . . . as the party has against an opposing party.'  Thus
2    multiple claims against a single party are fine, but Claim A against Defendant 1
     should not be joined with unrelated Claim B against Defendant 2.  Unrelated
3    claims against different defendants belong in different suits, not only to prevent
     the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also
4    to ensure that prisoners pay the required filing fees-for the Prison Litigation
     Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner
5    may file without prepayment of the required fees.  28 U.S.C. § 1915(g)." *George
     v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2)
6    (joinder of defendants not permitted unless both commonality and same
     transaction requirements are satisfied).  Plaintiff may not change the nature of this
7    suit by alleging new, unrelated claims in an amended complaint.  *George*, 507
     F.3d at 607 (no "buckshot" complaints).
8
         The allegations must be short and plain, simple and direct and describe
9    the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534
     U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125
10   (9th Cir. 2002).  A long, rambling pleading, including many defendants with
     unexplained, tenuous or implausible connection to the alleged constitutional
11   injury or joining a series of unrelated claims against many defendants very likely
     will result in continued delay of the review required by 28 U.S.C. § 1915 or an
12   order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of
     Civil Procedure for violation of these instructions.
13

14   Dckt. No. 11 at 3-7.

15       Plaintiff's amended complaint is only slightly better organized than the original

16   complaint.  It still fails to comply with Rule 8 and appears to include unrelated claims against

17   various defendants that may not be brought in a single lawsuit.  Plaintiff's allegations regarding

18   separate incidents are intermingled such that the court cannot determine the scope of plaintiff's

19   claims against each defendant.  Plaintiff appears to challenge many separate and distinct

20   incidents that must be pursued in separate lawsuits.  *See George v. Smith*, 507 F.3d 605, 607 (7th

21   Cir. 2007) (no "buckshot" complaints).  Moreover, the typed complaint is 36 pages long and

22   includes over 70 pages of exhibits.  It names 25 defendants and 20 doe defendants.  Despite the

23   court's admonishments, the amended complaint includes unhelpful legal conclusions, vague and

24   conclusory allegations, and redundant allegations.  While legal conclusions can provide the

25   framework of a complaint, they must be supported by plausible factual allegations, and are not

26   entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  As plaintiff

1   is aware, Rule 8 rule requires the pleader to set forth his averments in a simple, concise, and

2   direct manner. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  As

3   drafted, the complaint hardly provides defendants with "fair notice" of plaintiff's claims against

4   them, and still fails to set forth the underlying incidents in a clear fashion.  Accordingly,

5   plaintiff's complaint must be dismissed.

6       Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

7   cognizable legal theory against a proper defendant and sufficient facts in support of that

8   cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

9   (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

10  their complaints).  Should plaintiff choose to file an amended complaint, it shall clearly set forth

11  the claims and allegations against each defendant, and should not include unrelated claims

12  against different defendants.  *See George*, 507 F.3d at 607.  Any amended complaint must cure

13  the deficiencies identified above and also adhere to the following requirements:

14      The complaint must contain a short and plain statement as required by Fed. R. Civ. P.

15  8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

16  notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev.*

17  *Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

18  particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  It is

19  plaintiff's responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at

20  1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The complaint must identify

21  as a defendant only persons who personally participated in a substantial way in depriving

22  plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a

23  person subjects another to the deprivation of a constitutional right if he does an act, participates

24  in another's act or omits to perform an act he is legally required to do that causes the alleged

25  deprivation).

26  ////

1    Plaintiff's amended complaint refers to "defendants" who are not identified as such in the

2  caption of the complaint.  Any second amended complaint must contain a caption including the

3  name of the court and the names of all parties.  Fed. R. Civ. P. 10(a).

4    Additionally, the court hereby informs plaintiff of the requirements for stating certain

5  claims based on § 1983 and the Americans with Disabilities Act:

6    To state a viable First Amendment retaliation claim, a prisoner must allege five elements:

7  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3)

8  that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

9  First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional

10  goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

11    The Eighth Amendment protects prisoners from inhumane methods of punishment and

12  from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

13  2006).  Extreme deprivations are required to make out a conditions of confinement claim, and

14  only those deprivations denying the minimal civilized measure of life's necessities are

15  sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,

16  503 U.S. 1, 9 (1992).  Plaintiff must allege facts sufficient to support a claim that prison officials

17  knew of and disregarded a substantial risk of serious harm to the plaintiff.  *E.g., Farmer v.*

18  *Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

19    To state a claim for violation of the right to procedural due process, plaintiff must allege

20  facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and

21  (2) a denial of adequate procedural protections."  *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir.

22  2003).  "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to

23  more adverse conditions of confinement."  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

24  However, state regulations may create a liberty interest in avoiding restrictive conditions of

25  confinement if those conditions "present a dramatic departure from the basic conditions of [the

26  inmate's] sentence."  *Sandin v. Conner*, 515 U.S. 472, 485 (1995).  Under *Sandin*, a liberty

1  interest may exist where placement in administrative segregation "imposes atypical and

2  significant hardship in the inmate in relation to the ordinary incidents of prison life."  *Id.* at 484.

3      There are no constitutional requirements regarding how a grievance system is operated.

4  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss

5  of a liberty interest in the processing of his appeals does not violate due process because

6  prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus,

7  plaintiff may not impose liability on a defendant simply he or she played a role in processing

8  plaintiff's inmate appeals.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an

9  administrative "grievance procedure is a procedural right only, it does not confer any substantive

10  right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the

11  procedural protections envisioned by the fourteenth amendment. . . .  Thus, defendants' failure to

12  process any of Buckley's grievances, without more, is not actionable under section 1983."

13  (internal quotations omitted)).

14      "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must

15  show that he was treated in a manner inconsistent with others similarly situated, and that the

16  defendants acted with an intent or purpose to discriminate against the plaintiff based upon

17  membership in a protected class."  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th

18  Cir. 2005) (internal quotations omitted).

19      To state a conspiracy claim under § 1983, plaintiff must allege specific facts showing two

20  or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took

21  some concerted action in furtherance thereof.  *Gilbrook v. City of Westminster*, 177 F.3d 839,

22  856-57 (9th Cir. 1999); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (to state claim for

23  conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged

24  conspirators to deprive him of his rights); *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998)

25  (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such

26  an agreement to deprive him of rights may be inferred); *Burns v. County of King*, 883 F.2d 819,

1  821 (9th Cir. 1989) (per curiam) (conclusory allegations of conspiracy insufficient to state a

2  valid § 1983 claim); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir.

3  1988).

4      In order to state a claim that a public program or service violated Title II of the

5  Americans with Disabilities Act ("ADA"), a plaintiff must show: (1) he is a "qualified individual

6  with a disability"; (2) he was either excluded from participation in or denied the benefits of a

7  public entity's services, programs, or activities, or was otherwise discriminated against by the

8  public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his

9  disability.  *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City*

10  *of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise

11  'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by

12  reason of' his or her disability, that individual may have an ADA claim against the public

13  entity."); *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (ADA plaintiff may

14  seek injunctive relief against state officials in their official capacities).   Damages, however, are

15  only available under Title II of the ADA where a plaintiff proves the defendant acted with

16  deliberate indifference.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

17      Accordingly, IT IS HEREBY ORDERED that the amended complaint is dismissed with a

18  final opportunity to amend within 30 days.  The amended complaint must bear the docket

19  number assigned to this case and be titled "Second Amended Complaint."  Failure to comply

20  with this order will result in a recommendation that this action be dismissed.  If plaintiff files an

21  amended complaint stating a cognizable claim the court will proceed with service of process by

22  the United States Marshal.

23  DATED:  January 4, 2013.

        EDMUND F. BRENNAN
24                              UNITED STATES MAGISTRATE JUDGE

25

26