IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOB SAVAGE,

      Plaintiff,

vs.

K. DICKINSON, et al.,

      Defendants.

No. 2:11-cv-1652-MCE-EFB P

ORDER AND
FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. After two dismissals pursuant to 28 U.S.C. § 1915A, plaintiff has filed a second amended complaint.

**I.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

1

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.     Screening Order**

Plaintiff's complaint names approximately 26 defendants and purports to state eleven causes of action. Having reviewed the complaint for the limited purposes of § 1915A screening, the court finds that it states the following potentially cognizable claims: (1) Americans with Disabilities Act ("ADA") and Eighth Amendment deliberate indifference to medical needs claims against defendants Dickinson, Andreason, Thumser, Carlock, Burt, and Gonzales for

taking away plaintiff's "geriatric" chair on May 26, 2009, moving him into a non-medical unit, and, along with defendant Thomas, keeping him improperly housed for 87 days (ECF No. 22, ¶¶ 32, 45); and (2) a First Amendment retaliation claim against defendant Imhoff, for re-housing plaintiff in a smaller cell without proper accommodations or medical staff, because of plaintiff's ADA reasonable accommodation requests (*id.* ¶¶ 27-28, 37). For the reasons stated below, the remaining allegations must be dismissed.

Plaintiff appears to name numerous individuals as defendants solely because of their alleged supervisory roles. This, however, is not a proper basis for liability. An individual defendant is not liable on a civil rights claim unless the facts establish that defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Rather, a plaintiff must plead that each defendant, through his own individual actions, has violated the Constitution. *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff also names numerous individuals as defendants because they were involved in the processing of his administrative remedies. As plaintiff is aware, this is also not a proper basis for liability. There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply he or she played a role in processing plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.

/////

1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.").

In addition, plaintiff makes conclusory allegations regarding acts of "retaliation" and purported "conspiracies." Like the allegations in plaintiff's first amended complaint, the instant complaint fail to set forth sufficient factual allegations to satisfy the standards governing such claims. *See* ECF No. 19 (informing plaintiff of the requirements for stating retaliation claims and conspiracy claims).

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim*, 584 F.3d at 1271 n.4. As plaintiff is aware, allegations that a defendant "retaliated," absent facts showing that the alleged retaliatory conduct was "because of" plaintiff's protected conduct, fail to state a cognizable claim.

In order to state a claim for conspiracy, plaintiff must allege specific facts showing two or more persons intended to accomplish an unlawful objective of causing plaintiff harm and took some concerted action in furtherance thereof. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856-57 (9th Cir. 1999); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege facts showing an agreement among the alleged conspirators to deprive him of his rights); *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege at least facts from which such an agreement to deprive him of rights may be inferred); *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam) (conclusory allegations of conspiracy insufficient to state a valid § 1983 claim); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir.

4

1988).  Once again, plaintiff has not alleged specific facts showing that any defendant agreed to accomplish an unlawful objective.  Nor has he alleged sufficient facts from which any agreement could be inferred.

In addition, and despite warnings from the court in the previous screening orders (ECF Nos. 11, 19), the complaint includes allegations that are not related to the claims identified above as cognizable.  These include plaintiff's allegations that (1) Johnson made plaintiff wait for 45 minutes in the day room in July 2009, (2) Swan denied plaintiff witnesses at a subsequent disciplinary hearing, (3) Greer and Smith trashed plaintiff's cell in December 2009, and (4) Hurtado, Huntley, and Kimbriel were supervisors and/or officials involved in the processing a related administrative appeal.  These allegations cannot be properly joined with the claims identified as cognizable above, because they are unrelated in that they do not arise out the same occurrence *and* involve a common question of law or fact.  *See* Fed. R. Civ. P. 20(a)(2).[1]  Thus, the purported claims against defendants Johnson, Swan, Greer, Smith, Hurtado, Huntley, and Kimbriel have been improperly joined in a single lawsuit – a defect that cannot be corrected by amendment.  These claims must therefore be dismissed without leave to amend in this action, but without prejudice to re-filing in new, separate lawsuits.  *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); *see* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

Despite notice of the relevant legal standards and two opportunities to amend, plaintiff is unable to plead proper claims for relief against any defendant aside from those identified above.

---

[1] Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Thus, unrelated claims against different defendants must be pursued in separate lawsuits.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees– for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)." *Id.*

Accordingly, plaintiff may proceed only on the potentially cognizable claims against defendants Dickinson, Andreason, Thumser, Carlock, Burt, Gonzales, Thomas, and Imhoff.  The purported claims against the remaining 18 defendants should be dismissed without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that:

1. The allegations in the pleading are sufficient at least to state potentially cognizable claims against Dickinson, Andreason, Thumser, Carlock, Burt, Gonzales, Thomas, and Imhoff.

2. The Clerk of the Court shall send plaintiff eight USM-285 form, one summons, an instruction sheet and one copy of the March 21, 2013 second amended complaint.

3. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 form and nine copies of the endorsed March 21, 2013 second amended complaint.

4. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.  Failure to comply with this order may result in this action being dismissed.

Further, IT IS HEREBY RECOMMENDED that all claims, except those identified herein as cognizable against defendants Dickinson, Andreason, Thumser, Carlock, Burt, Gonzales, Thomas, and Imhoff, be dismissed for failure to state a claim or as improperly joined.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 8, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOB SAVAGE,

    Plaintiff,                            No. 2:11-cv-1652-MCE-EFB P

    vs.

K. DICKINSON, et al.,

    Defendant.                        NOTICE OF SUBMISSION OF DOCUMENTS

        Plaintiff hereby submits the following documents in compliance with the court's Screening Order:

           1        completed summons form

           8        completed forms USM-285

           9        copies of the endorsed March 21, 2013 second amended complaint

Dated:

                                                            Plaintiff

8